In re Whittington. (Three cases.)
The State of Ohio, Appellee, *v.* Whittington, Appellant.

(Nos. 421, 431, 433 and 434—Decided February 5, 1969.)

*Mr. E. Raymond Morehart,* prosecuting attorney, and *Mr. S. Farrell Jackson,* for the state of Ohio.

*Mr. Judson C. Kistler* and *Mr. Jack Supman,* for Buddy Lynn Whittington.

Rutherford, J. This cause is now before this court following remand from the Supreme Court of the United States.

On August 5, 1966, a complaint was filed in the Ju-

venile Court of Fairfield County alleging that Buddy Lynn Whittington, a minor of the age of 14 years, appeared to be a delinquent child in that he did, on or about July 29, 1966, in the village of Baltimore, county of Fairfield, state of Ohio, unlawfully, purposely and maliciously kill Gladys Willard, contrary to Section 2901.05 of the Revised Code.

Following hearings at which Buddy Lynn Whittington was represented by counsel, the court rendered judgment by journal entry, the pertinent part of which reads:

"'* * * and the court having heard all of the evidence and being advised in said premises, finds that said Buddy Lynn Whittington is a minor under the age of eighteen, fourteen years of age, and is a delinquent child as set forth in the complaint, and that said Buddy Lynn Whittington has committed an act which would be a felony if committed by an adult.

"It is therefore ordered by the court, pursuant to Section 2151.26 of the Revised Code of the state of Ohio, that William Rutherford, the juvenile probation officer, make a full investigation herein and report the same to this court. It further ordered that said Buddy Lynn Whittington, a delinquent child, be committed to the Juvenile Diagnostic Center of the Ohio Youth Commission for a complete mental and physical examination, the results of which are to be forwarded to this court. And this cause is continued pending investigation and the findings of the mental and physical examination."

Within twenty days an appeal on questions of law was taken to this court from the finding of the Juvenile Court that Buddy Lynn Whittington was a delinquent child.

On January 3, 1967, this court, for reasons set forth in an opinion which appears as *In re Whittington*, 13 Ohio App. 2d 11, affirmed the judgment of the Juvenile Court finding Buddy Lynn Whittington to be a delinquent child after first having determined such finding of delinquency to be a final appealable order, although no disposition following the finding of delinquency had been made other than temporary commitment to the Juvenile Diagnostic Center of the Ohio Youth Commission for a complete physical and

mental examination, with the results to be forwarded to the Juvenile Court.

The facts upon which the finding of delinquency was made are contained in the bill of exceptions and have been set forth in detail in the opinion of this court previously published. See *In re Whittington*, 13 Ohio App. 2d 11.

From this court's judgment, affirming the judgment of the Juvenile Court adjudging Buddy Lynn Whittington to be a delinquent child, a motion to certify was filed, which motion was overruled by the Ohio Supreme Court, and the appeal was dismissed on March 15, 1967 (No. 40712). The Supreme Court of Ohio had stayed further proceedings by the Juvenile Court while the motion to certify was pending in that court.

Section 2151.26, of the Revised Code (117 Ohio Laws 520, 531), provides:

"In any case involving a delinquent child under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, who has committed an act which could be a felony if committed by an adult, the juvenile judge, after a full investigation and after a mental and physical examination of such child has been made by the bureau of juvenile research, or by some other public or private agency, or by a person qualified to make such examination, may order that such child enter into a recognizance with good and sufficient surety, subject to the approval of the judge, for his appearance before the Court of Common Pleas at the next term thereof, for such disposition as the Court of Common Pleas is authorized to make for a like act committed by an adult; or the judge may exercise the other powers conferred in such sections in disposing of such case."

Following affirmance of the finding of delinquency by this Court of Appeals and the overruling of the motion to certify and the dismissal by the Supreme Court of Ohio, and written reports having been filed in the Juvenile Court by the Juvenile Diagnostic Center and by the probation officer as ordered, the Juvenile Court, on April 25, 1967, rendered judgment as follows:

"This day, Buddy Lynn Whittington, a minor under

the age of eighteen years, was brought before the court on complaint of Elwood Phillips, Chief of Police, Baltimore, Ohio, that said Buddy Lynn Whittington had probably committed a felony in that he had on or about the 29th day of July, 1966, at the county of Fairfield and the state of Ohio, unlawfully, purposely and maliciously killed one Gladys Willard, a trial having been heretofore had and the court having found that said Buddy Lynn Whittington was a delinquent child and was guilty of the act charged and said act being such that if committed by an adult would be a felony, and after examination at the Juvenile Diagnostic Center of the Ohio Youth Commission, as provided by law and upon the report thereof and the report of William B. Rutherford, and upon consideration thereof, the court finding it to be to the best interest of said Buddy Lynn Whittington and the state, it is ordered that said Buddy Lynn Whittington enter into a recognizance in the sum of ten thousand ($10,000.00) dollars for his appearance at the 1st day of the next term of Court of Common Pleas of said county to answer said charge, and in default of said recognizance that he be committed to the jail of this county."

On May 12, 1967, following the Juvenile Court judgment of April 25, 1967, binding Buddy Lynn Whittington over to the Common Pleas Court, Buddy Lynn Whittington filed in the Juvenile Court a motion to vacate and set aside the order finding him to be a delinquent child and for a new trial on the ground of "newly discovered evidence material to the cause of the defendant which with reasonable diligence could not have been discovered and produced at the trial."

On June 15, 1967, the Juvenile Court overruled the motion for new trial and, also, a motion that the court fix a time to take depositions to support the motion for new trial for newly discovered evidence. In the journal entry, the Juvenile Court said:

"The court further finds that the newly discovered evidence to be offered by the defendant in support of their motion for a new trial would not materially effect the out-

come of the case nor would it change the decision of the court finding that the defendant was a delinquent child.''

At the time judgment was entered on April 25, 1967, Buddy Lynn Whittington entered into a recognizance as ordered for his appearance before the Common Pleas Court, and he was released under bond.

On May 12, 1967, Buddy Lynn Whittington was indicted by the Grand Jury of Fairfield County on a charge of murder in the first degree, a capital offense under Ohio law.

Buddy Lynn Whittington was again confined, this time by the Common Pleas Court upon the charge in the indictment, and bail was denied by the Common Pleas Court. Section 9, Article I of the Ohio Constitution provides that all persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident, or the presumption great.

Following affirmance by this court of the judgment of delinquency and the overruling of defendant's motion to certify and the dismissal of his further appeal by the Supreme Court of Ohio, the defendant filed a petition for certiorari with the Supreme Court of the United States.

On October 9, 1967, petitioner's petition for writ of certiorari was granted by the Supreme Court of the United States (389 U. S. 819, 19 L. Ed. 2d 69, 88 S. Ct. 112). This pertained, however, only to the judgment finding Buddy Lynn Whittington to be a delinquent child, which had been affirmed by the Court of Appeals and from which further appeal had not been allowed by the Supreme Court of Ohio. Other matters from which separate appeals had since been taken were:

1. The judgment of the Juvenile Court recognizing Buddy Lynn Whittington to appear before the Common Pleas Court;

2. The overruling by the Juvenile Court of a motion for a new trial applied for on the ground of newly discovered evidence pertaining to the delinquency hearing;

3. The overruling by the Common Pleas Court of a motion to quash the indictment returned by the grand jury

and the entire proceedings before the Common Pleas Court on the ground that Buddy Lynn Whittington had not been lawfully recognized to appear before the Common Pleas Court.

Notices of these appeals were filed on May 10, 1967, June 21, 1967, and June 28, 1967, respectively. All three appeals were assigned for hearing before this Fifth Appellate District Court of Appeals on October 17, 1967.

On October 17, 1967, the date set for hearings, the defendant, appellant herein, filed motions in this court in each of the three causes "for an order to vacate the appellate date in this said cause of October 17, 1967, and to pass the said case for the time being for the reason that the Supreme Court of the United States on October 11, 1967, did grant the petition of Buddy Lynn Whittington, this defendant-appellant, for a writ of certiorari."

Such motions of the defendant were granted. From the bench, this Court of Appeals at that time inquired of Whittington's counsel whether they wished to pursue his application for bail and be heard by this Court of Appeals upon the matter of bail. The court was advised by defense counsel that they did not.

On May 20, 1968, the Supreme Court of the United States rendered its decision. See *In re Whittington*, — U. S. —, 20 L. Ed. 2d 625, 88 S. Ct. 1507. The judgment of this court which affirmed the judgment of the Juvenile Court finding Buddy Lynn Whittington to be a delinquent child (*In re Whittington*, 13 Ohio App. 2d 11) was vacated, with such cause being remanded to this court for reconsideration in the light of *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, which was decided on May 15, 1967; also, for consideration of the impact, if any, on the questions raised by the petitioner of the intervening order of the Juvenile Court requiring him to face trial in the adult courts.

On June 27, 1968, this Court of Appeals ordered Buddy Lynn Whittington released upon bond to the custody of his parents, with his parents as sureties on the bond.

At the commencement of the 1968-1969 school year, by

action of the school administration and Board of Education of the Liberty-Union Thurston School District, Buddy Lynn Whittington, because of the charges against him in court, was not permitted to attend school; however, the board by resolution made provision that he be tutored. Buddy Lynn Whittington then filed a petition in this court for a writ of mandamus to issue against the board, which writ, after hearing, was issued by a majority decision of this court, and from which the prosecuting attorney on behalf of the board has filed an appeal to the Supreme Court of Ohio, and the Supreme Court has stayed issuance of the writ pending hearing and further order.

After two years and six appeals this case has been before the Juvenile Court, the Common Pleas Court, the Fifth District Court of Appeals, the Supreme Court of Ohio, the United States Supreme Court and is now again before this Court of Appeals. We defend the right of Buddy Lynn Whittington to appeal and to try to appeal whenever he believes he is entitled to that right, but each appeal of necessity causes delay in reaching a final determination, and as a result of the numerous appeals filed and issues raised prior to final determination there has been no final determination in this case to this day.

The four appeals now before us, one on remand from the Supreme Court of the United States for reconsideration, two from the Juvenile Court, and one from the Common Pleas Court, are as follows:

1. Case No. 421

Reconsideration of the appeal from the judgment of the Juvenile Court finding Buddy Lynn Whittington to be a delinquent child.

2. Case No. 431

Buddy Lynn Whittington's appeal from the judgment of the Juvenile Court ordering that he enter into a recognizance to appear before the Common Pleas Court.

3. Case No. 433

Buddy Lynn Whittington's appeal from the judgment overruling his motion for a new trial on the ground of newly discovered evidence in the proceeding in which he was found delinquent.

4. Case No. 434

Buddy Lynn Whittington's appeal from the judgment of the Common Pleas Court overruling his motion to quash the indictment returned by the grand jury and the entire proceedings before the Common Pleas Court, on the ground that Buddy Lynn Whittington has not been lawfully recognized to appear before the Common Pleas Court.

First, we will consider case No. 421, in which case we originally determined the finding of delinquency to be a final appealable order prior to any disposition thereof by the Juvenile Court, as provided for by the Juvenile Code, other than commitment to the Juvenile Diagnostic Center of Ohio for a complete mental and physical examination as provided under Section 2151.26, Revised Code, *supra*, with the results to be forwarded to the Juvenile Court.

The jurisdiction of this court to hear an appeal from the Juvenile Court is conferred by Section 6, Article IV of the Ohio Constitution which, in addition to conferring original jurisdiction in quo warranto, mandamus, etc., provides in part:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals within the district, * * *."

Section 2501.02, Revised Code, insofar as here pertinent, provides that in addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the Court of Appeals shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court."

For the court to have jurisdiction is one thing; the manner in which that jurisdiction is exercised is another.

At no place in the Code is any special provision made pertaining to the procedure for appeals from the Juvenile

Court. The procedure for such appeals is, therefore, governed by the general statutes for procedure on appeals.

In criminal cases, Section 2953.05, Revised Code, provides:

"Appeal under Section 2953.04 of the Revised Code, may be filed as of right within thirty days after judgment and *sentence* * * *." (Emphasis added.)

In civil cases, Sections 2505.02 and 2505.03, Revised Code, provide that every final order, judgment or decree of a court may be appealed. As interpreted by the Ohio courts, this includes the right of appeal from any decree which disposes of the whole merits of the cause, or some separate and distinct branch thereof, and leaves nothing for the further consideration of the court or which affects a substantial right in an action which in effect determines the action and prevents a judgment. Notice of appeal in a civil case must be filed within twenty days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization.

Under the Juvenile Code of Ohio, a finding of delinquency may be made under the provisions of Section 2151.-26, Revised Code, *supra*, as one of the conditions precedent to recognizing such juvenile to appear before the Court of Common Pleas; or a finding of delinquency may be made under the other provisions of Sections 2151.01 to 2151.54, inclusive, of the Revised Code, in which case the Juvenile Court, following a finding of delinquency, retains jurisdiction with the duty to make disposition under the provisions of Section 2151.35, Revised Code.

Upon reconsideration, it is our judgment that, although notice of appeal was filed within twenty days, the finding of delinquency unaccompanied by an order of disposition, which the statute provides shall be made, is not a final appealable order; and any finding we have previously made to the contrary is overruled.

The finding of delinquency from which the defendant originally appealed did provide for commitment to the Juvenile Diagnostic Center of Ohio for a complete mental

and physical examination as provided under Section 2151.-26, Revised Code, *supra*, with the results to be forwarded to the Juvenile Court. It is our finding that such order of referral to the Juvenile Diagnostic Center pending further disposition is not a final appealable order; rather such referral is but a procedural incident such as is analogous to the referral of an adult under the provisions of Section 2947.25, Revised Code, to an approved state facility for observation. See *State* v. *Thomas*, 175 Ohio St. 563, which holds such a referral of an adult not to be a final appealable order.

In case No. 421, the appeal is ordered dismissed for the reason that it was not taken from a final appealable order. In our opinion, this finding is consistent with the determination of the United States Supreme Court that they ought not to consider the appeal from the finding of delinquency absent any disposition being made thereon, for the majority stated that the question left unsettled is "what, if any, effect the 'disposition' order entered after their decisions on the appeal and after the petition for certiorari was filed here, has upon the prior delinquency determination made by the Juvenile Court." The Supreme Court of the United States was in a position of being without power to reverse the holding of this court that the appeal was from a final order. Such finding took nothing from the defendant, but granted to him a right which ought not to have been granted. Neither could the Supreme Court consider any later disposition as to which this court had not yet had an opportunity to make a determination upon appeal. Therefore, the only logical decision for the Supreme Court was not to render judgment prior to disposition upon the finding of delinquency alone, but to remand the cause for reconsideration in view of the subsequent appeal, following subsequent disposition by the Juvenile Court, which appeal is now before us in case No. 431.

The journal entry recognizing Buddy Lynn Whittington to appear before the Common Pleas Court, and from which the appeal is taken in case No. 431, is set forth herein, *supra*.

Buddy Lynn Whittington was fourteen years of age. Upon a finding of delinquency under the provisions of Section 2151.35, Revised Code, the possibilities of disposition are numerous, ranging from probation under supervision in the child's own home to commitment to an institution for juveniles for training and rehabilitation until a maximum age of twenty-one years, Section 2151.38, Revised Code. Because Buddy Lynn Whittington was under sixteen years of age, commitment to an institution for adults would not be possible, nor would it be possible after the age of sixteen under our decision rendered in *State* v. *Fisher*, 17 Ohio App. 2d 183.

Upon recognizance of a fourteen-year-old youth to the Common Pleas Court under the provisions of Section 2151.-26, Revised Code, *supra*, after indictment upon a charge of murder in the first degree, if such youth is tried and found guilty, the mandatory sentence would be death unless mercy is recommended, in which case sentence would be imprisonment for life. In the history of this country a twelve-year-old child was hanged in the state of New Jersey. See *New Jersey* v. *Guild*, 10 N. J. Law (5 Halst.) 163, 18 Am. Dec. 404.

As we previously stated in our opinion in *In re Whittington*, 13 Ohio App. 2d 11, at page 25:

"Running through all the cases, we find the common complaint of one who is treated as a juvenile that he is being deprived of the constitutional rights of an adult charged with crime and, vice versa, of the child as to whom jurisdiction of the Juvenile Court has been relinquished complaining that he has been deprived of his valuable statutory rights under the Juvenile Code."

As further stated in our previous opinion (13 Ohio App. 2d at page 24) the value of the rights afforded a child by the Juvenile Code has been recognized by the Supreme Court of the United States as recently as March 21, 1966. See *Kent* v. *United States*, 383 U. S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, paragraphs ten and fifteen of the S. Ct. Reporter headnotes:

"10. District of Columbia Juvenile Court Act per-

mitting waiver of Juvenile Court's jurisdiction over child did not authorize court, in total disregard of motion for hearing filed by counsel and without any hearing or statement for reasons, to decide that a 16-year-old minor should be taken from the receiving home for children and transferred to jail along with housebreaking, robbery and rape, be exposed to the possibility of a death sentence instead of treatment for a maximum, in the particular case, of five years, until he was 21.''

"15. The District of Columbia Juvenile Court's waiver of jurisdiction over 16-year-old defendant charged with housebreaking, robbery and rape was a critically important action determining vitally important statutory rights of juvenile.''

In the instant case, Buddy Lynn Whittington has been represented by counsel at all stages of all proceedings excepting the original investigation at the scene of the murder on the day of the murder, at which time questions asked were directed generally to those persons present.

Following the hearing, finding of delinquency and report from Juvenile Diagnostic Center made under the provisions of Section 2151.26, Revised Code, *supra*, hearing was held and Buddy Lynn Whittington was recognized to appear before Common Pleas Court. It is our finding that such disposition following the finding of delinquency constituted a final appealable order. It terminated the cause as far as the Juvenile Court was concerned by releasing all further jurisdiction of that court. To hold such not to be a final appealable order would be to deny jurisdiction to hear appeals from juvenile delinquency proceedings contrary to the provisions of Section 6, Article IV of the Constitution of Ohio, and Section 2501.02, Revised Code; also, see, *State* v. *Yoss*, 10 Ohio App. 2d 47.

As shown by the journal entry of the Juvenile Court, *supra*, hearing was held. Counsel for Buddy Lynn Whittington were present. They had been served with written notice. The stay of further proceedings by Juvenile Court as previously ordered by the Supreme Court of Ohio had been terminated.

The record does not show service of notice upon Buddy Lynn Whittington's parents, but they were present. Apparently there was no sworn testimony, nor does the record show that anyone from Juvenile Diagnostic Center was present for cross-examination. Such is not a specific assignment of error. What the journal entry does show is that the judgment recognizing Buddy Lynn Whittington to Common Pleas Court was made upon information contained in the report of the Juvenile Diagnostic Center and the report of William Rutherford, Probation Officer.

A specified assignment is that to recognize Buddy Lynn Whittington to Common Pleas Court was discriminatory and arbitrary and unlawfully deprived him of the protections of the Juvenile Code in the absence of evidence that if guilty he could not be rehabilitated, the Juvenile System being designed to retain those persons brought before it who can be rehabilitated, with only those who are not to be considered rehabilitable to be sent to adult courts for disposition. It is claimed further that the fact a child maintains his innocence affords no basis for classifying him as not being rehabilitable and arbitrarily sending him to adult courts.

In the case of *Workman* v. *Kentucky* (Ky.), 429 S. W. 2d 374, the Court of Appeals of Kentucky, on June 14, 1968, held that confinement for life without parole constitutes cruel and unusual punishment in violation of the provisions of Amendment VIII of the United States Constitution, when applied to a fourteen-year-old child.

We do not find a finding of delinquency for purpose of disposition under the provisions of Section 2151.26, Revised Code, which is a preliminary proceeding, as are proceedings before a grand jury, to require proof beyond probable cause; nor do we find a juvenile who has been found delinquent and bound over to Common Pleas Court under the provisions of Section 2151.26, Revised Code, to have been in jeopardy as a result of such preliminary proceeding. We do not base our decision on the appeal in case No. 431 upon procedural errors or upon the argument of cruel and unusual punishment; but upon consideration

that the purpose of recognizing a juvenile to Common Pleas Court is to protect the public in those cases where rehabilitation appears unlikely and circumstances indicate that if the charge is ultimately established society would be better served by the criminal process by reason of the greater security which may be achieved or the deterring effect which that process is thought to accomplish.

In the instant case, we find insufficient evidence to support any finding that Buddy Lynn Whittington would not be subject to rehabilitation under means provided by the Juvenile Code, nor do we find sufficient evidence to support an order recognizing him to Common Pleas Court as a necessary protection to the public. The evidence is to the contrary.

It is our finding that the Juvenile Code was established to afford valuable rights to juveniles. See *Kent* v. *United States*, 383 U. S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045. Further, in the instant case we find that it was an abuse of discretion for the Juvenile Court to recognize Buddy Lynn Whittington, a fourteen-year-old child, to Common Pleas Court, when the evidence fails to disclose that he would not be a proper subject for rehabilitation under the provisions of the Juvenile Code of Ohio, or that recognizance to the Common Pleas Court was necessary as a protection to the public.

The judgment of the Juvenile Court recognizing Buddy Lynn Whittington to Common Pleas Court is reversed and vacated and judgment is entered retaining such cause in Juvenile Court for further proceedings according to law, under the Juvenile Code of Ohio, and in compliance with the decision of the Supreme Court of the United States in *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct 1428.

The appeal in case No. 433 is from the judgment overruling Buddy Lynn Whittington's motion for a new trial on the ground of newly discovered evidence in the proceeding in which he was found delinquent. The Juvenile Court, in its ruling, as set forth in the journal entry, found that the newly discovered evidence sought to be offered by Buddy Lynn Whittington would not materially affect the

outcome of the case nor would it change the decision of the court finding that he was a delinquent child. The ruling was made after he had been recognized to Common Pleas Court and would have an opportunity to offer such evidence upon trial in that court, and in relation to a finding of delinquency used only for the purpose of binding him over to Common Pleas Court for further proceedings.

In view of our reversal of the recognizance to Common Pleas Court and the fact that disposition upon any finding of delinquency will be made in Juvenile Court, it is our finding that such motion for a new trial ought to be reconsidered in the light of such changed circumstances. Therefore, the judgment overruling the motion for a new trial on the ground of newly discovered evidence is ordered vacated and the cause is remanded with an order that the Juvenile Court reconsider such motion, considering not only the alleged newly discovered evidence but also considering the fact that the finding of delinquency will not be part of the preliminary procedure for purpose of recognizance to Common Pleas Court but will be a determination upon which finding jurisdiction will be retained and disposition will be made in Juvenile Court, and also, considering the newly pronounced decision of the Supreme Court of the United States in *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, which decision has been declared applicable to this case.

In case No 434, the appeal from the judgment of the Common Pleas Court overruling Buddy Lynn Whittington's motion to quash the indictment is dismissed for want of a final appealable order. The other three appeals all arise from case No. 6183-J in Juvenile Court. This appeal arises from case No. 6802 in Common Pleas Court. If our judgment in case No. 431 becomes final upon expiration of the time for further appeal or by affirmance in the event of further appeal, the Common Pleas Court is without jurisdiction to proceed, and upon an attempt to do so it would be subject to a writ of prohibition. Upon the judgment in case No. 431 becoming final, a further motion

should be made to Common Pleas Court for an order dismissing the action in that court for want of jurisdiction.

In conclusion, for the reasons herein stated, it is, therefore, ordered:

That the appeal in case No. 421 from the finding of delinquency, prior to any disposition being made thereof, is dismissed for want of a final appealable order.

That the judgment in case No. 431 recognizing Buddy Lynn Whittington to appear before the Common Pleas Court is reversed and vacated with jurisdiction of the cause to be retained in the Juvenile Court and for further proceedings according to law, the Juvenile Code and the decision of the Supreme Court of the United States in *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

That the judgment in case No. 433 overruling the motion for a new trial is vacated and remanded for reconsideration.

That the appeal in case No. 434 from the overruling of the motion to quash the indictment is dismissed for want of a final appealable order.

*Judgments accordingly.*

VAN NOSTRAN, J., concurs.

McLAUGHLIN, P. J., dissents. The first paragraph of the syllabus reverses our judgment reported in *In re Whittington*, 13 Ohio App. 2d 11, that the appeal of this boy is from a final appealable order. It now does an about face and holds that this appeal is not from a final appealable order since it was unaccompanied by any disposition order.

Section 6, Article IV of the Ohio Constitution provides, in pertinent part:

"The Courts of Appeals shall have * * * *such jurisdiction as may be provided by law* to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals within the district, * * *." (Our emphasis.)

It is now provided by law, Section 2501.02, Revised

Code, as amended (129 Ohio Laws 582, 742), effective January 10, 1961, that:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court;

"* * *."

I am, therefore, of the opinion that the appeal of this boy is from a final appealable order, because it has been so provided by law.

The majority opinion of this court reads in pertinent part:

"The judgment of the Juvenile Court recognizing Buddy Lynn Whittington to Common Pleas Court is reversed and vacated and judgment is entered retaining such cause in Juvenile Court for further proceedings according to law, under the Juvenile Code of Ohio, and in compliance with the decision of the Supreme Court of the United States in *In re Gault,* 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428."

In my opinion, this merely puts the responsibility which should be ours back to the Juvenile Court. The Supreme Court of the United States vacated our judgment reported in 13 Ohio App. 2d 11, and remanded the case direct to this court for "further consideration not inconsistent with the opinion of this court" and "in light of *In re Gault.*" See *In re Whittington,* — U. S. —, 20 L. Ed. 2d 625, 88 S. Ct. 1507, and *In re Gault,* 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

In *Whittington, supra,* at page 628 of L. Ed. 2d, we read:

"* * * The unresolved question under Ohio law is not whether the adjudication of delinquency is a final, ap-

pealable order. The Ohio Courts of Appeals considered that issue and ruled that the order is appealable, and the Ohio Supreme Court necessarily accepted this conclusion because its dismissal of the appeal was not based on the jurisdictional issue. * * *"

Also, this reference to *Gault* appears therein:

"* * * In *Gault*, this court held squarely, for the first time, that various of the federal constitutional guarantees accompanying ordinary criminal proceedings were applicable to state juvenile court proceedings where possible commitment to a state institution was involved. * * *"

In *Gault, supra,* we read (L. Ed. headnote):

"4. Neither the Fourteenth Amendment nor the Bill of Rights is for adults alone."

Under the plain words of *Whittington* and *Gault*, I deem that the Supreme Court of the United States has instructed this court to make the decision as to whether proof by a preponderance of the evidence only is sufficient in a delinquency proceeding against a boy who was 14 years old (now over 16 years of age), when the determination of delinquency is based upon the commission of an act which if committed by an adult would be a felony and where such determination *could* result in commitment to a state institution and loss of liberty for years.

The basic premise of *In re Gault* is that such juvenile proceedings as we have here are in reality criminal. Our entire Anglo-American system of criminal justice is rested upon "guilt beyond a reasonable doubt." See *United States* v. *Costanzo* (1968), 395 F. 2d 441; *In re Urbasek* (1968), 38 Ill. 2d 535, 232 N. E. 2d 716; *Leach* v. *Texas* (1968), 428 S. W. 2d 817, concurring opinion of Johnson, J., at 821. The conclusion of these courts reached from the above premise is compelling. It is most compelling when the charge of being a delinquent child is based solely on one felony or predicated on a single crime.

Under all the circumstances of this case, I am of the opinion that the spirit and reasoning of the *Gault* decision, as well as that of the *Whittington* vacation and remand should be followed and we should hold that a finding of

delinquency for the commission of an act which if committed by an adult would be a felony and which might result in this boy's loss of liberty for years is comparable in seriousness to a criminal felony prosecution, and I would hold further that in this particular case the entire proceedings in Juvenile Court are criminal and not civil in nature and that under the due process clause and the equal protection clause of the Fourteenth Amendment to the federal Constitution, such federal constitutional guarantees are applicable to state Juvenile Court proceedings, where as in this case possible commitment to a state institution is involved, and that the quantum of proof required in this case is that of beyond a reasonable doubt.

It is apparent from the record that the Judge of the Juvenile Court did not apply this proper rule of proof and thereby committed prejudicial error against Buddy Lynn Whittington in not so doing.

Therefore, this cause should be remanded to the Juvenile Court for a new trial and further proceedings according to law consistent with this opinion. The majority opinion does not preclude such procedure. Neither does it instruct that it be followed.

Certainly the long delay here calls for a direct and definite order from this court as to what proceedings must now be taken. A new trial should be ordered. The quantum of evidence necessary should be "guilt beyond a reasonable doubt." Anything short of such definite instruction is to deny to this boy his fundamental rights of due process of law and equal protection under the Fourteenth Amendment of the federal Constitution.

The appeals in cases Nos. 431, 433 and 434 raise but collateral issues, since they all grew out of the delinquency hearing. They should be dismissed.