THE STATE OF OHIO, APPELLEE, *v.* FISHER APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* STRIKER, APPELLANT.

(Nos. 988 and 989—Decided February 5, 1969.)

*Mr. Kenneth W. Ferrell,* for appellee.
*Mr. Joseph Tripodi* and *Mr. James Thomas,* for appellants.

*Per Curiam.* John R. Fisher and David R. Striker, two 17-year-old boys, were each found to be a delinquent juvenile offender, and, on March 8, 1968, each was ordered "committed to the Ohio State Reformatory at Mansfield, Ohio, as provided under Section 2151.35 and Section 5143.05 of the Revised Code of Ohio."

The respective complaints as filed, one against John R. Fisher, case No. 18202, and the other against David R. Striker, case No. 18204, in the Juvenile Court of Tuscarawas County, Ohio, each charged "that on the 18th day of January, 1968, between the hours of 7:15 p. m. and 8:15 p. m., in the County of Tuscarawas and State of Ohio, (they) did have carnal knowledge of a female person, to wit: * * *, aged 15 years, forcibly and against her will, contrary to and in violation of Section 2905.01 of the Revised Code of Ohio and all of which is contrary to and in violation of Section 2151.02 of the Revised Code of Ohio."

Section 2151.01 of the Revised Code provides in pertinent part as follows:

"(1) 'Child' includes any child under eighteen years of age * * *."

Section 2151.02, Revised Code, provides:

"As used in Sections 2151.01 to 2151.54, inclusive, of the Revised Code, 'delinquent child' includes any child:

"(A) Who violates any law of this state, the United States, or any ordinance or regulation of a subdivision of the state, except as provided in Section 2151.021 of the Revised Code [Section 2151.021 of the Revised Code makes separate provision for traffic offenders];

"(B) Who does not subject himself to the reasonable control of his parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient;

"(C) Who is an habitual truant from home or school;

"(D) Who so deports himself as to injure or endanger the morals or health of himself or others;

"(E) Who attempts to enter the marriage relation in any state without the consent of his parents, custodian, legal guardian or other legal authority."

To the charge made in the complaint each boy entered a plea of "not guilty." Each boy was represented by counsel.

Section 2905.01, Revised Code, provides:

"No person shall have carnal knowledge of any female person forcibly and against her will.

"Whoever violates this section shall be imprisoned not less than three nor more than twenty years."

Each filed the following motion:

"First Branch

"Now comes the above named defendant minors by and through their attorneys and move the court that the trial of the above named cause be tried jointly.

"Second Branch

"Now comes the above named defendant minors by and through their attorneys and moves the court that each defendant, individually, and separately, be permitted to present evidence, directly, examine and cross-examine witnesses, and to do those things necessary to preserve the constitutional rights of the defendant minors individually."

The court's entry shows that:

"The court made inquiry when said matter came on before the court for argument as to the matter of whether the court should retain jurisdiction or bind said alleged delinquent juvenile offender over to the grand jury of this county. It was mutually agreed by all parties that said matter should come on for hearing before this court on the 7th day of February, 1968, at 1:30 p. m. and this matter is hereby continued."

A joint trial was later held before the Juvenile Court Judge on March 3, 1968, following which judgment was entered on March 4, 1968, as follows:

"It is hereby ordered, adjudged and decreed by the court that there was sufficient and competent evidence to find that said David R. Striker, Jr., is a delinquent juvenile offender as set forth in the complaint against him.

"It is further ordered, adjudged and decreed that said David R. Striker, Jr., is a juvenile delinquent in violating Section 2905.01 and Section 2151.02 of the Revised Code of Ohio, as set forth in the complaint against him."

A like journal entry was filed in the case of John R. Fisher, and each case was continued to March 8, 1968, at which time each was "committed to the Ohio State Reformatory at Mansfield, Ohio, as provided under Section 2151.35 and Section 5143.05 of the Revised Code of Ohio."

Warrants to convey them were issued, and both were delivered by the sheriff to the Ohio State Reformatory, Mansfield, Ohio, on March 11, 1968, and due return made.

Section 2151.35, Revised Code, provides, in pertinent part:

"* * *

"* * * If the court finds that the child * * * is delinquent, * * * it may by order proceed as follows:

"* * *

"(E) Commit a male child over sixteen years of age who has committed an act which if committed by an adult would be a felony to the Ohio State Reformatory."

Section 5143.05, Revised Code, provides:

"Courts imposing sentences to the reformatory shall make them general, and not fixed or limited in their duration. The term of imprisonment shall be terminated by the pardon and parol commission, as authorized by Sections 2965.09 to 2965.18, inclusive, of the Revised Code, but the term of such imprisonment shall not exceed the maximum term, nor be less than the minimum term provided for such felony."

In each case, notice of appeal to this court was filed on March 11, 1968.

Thereafter, on April 15, 1968, each defendant filed a motion with the Juvenile Court for an order to suspend the further execution of sentence and place the defendant on probation upon such terms as the court may determine. Such motion was filed under the provisions of Section 2947.061, Revised Code, that:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced."

Such motions, timely filed on April 15, 1968, were not heard by the Juvenile Court until October 2, 1968, follow-

ing which hearings the court, after the defendants had each been committed to the Ohio State Reformatory, Mansfield, Ohio, for seven months, less four days, ordered that the defendants be placed on probation and that "the sheriff of this county shall return the said John R. Fisher and David R. Striker, Jr., to Tuscarawas County on the 7th day of October, 1968, and that a copy of this Entry shall be sent to the Superintendent of the Ohio State Reformatory at Mansfield, Ohio, for the said juvenile delinquents' release, as provided by Section 2947.061 of the Revised Code of Ohio."

On October 7, 1968, the defendants were, accordingly, released from the Ohio State Reformatory, Mansfield, Ohio, and placed on probation.

Section 5143.03, Revised Code, provides:

"The superintendent of the reformatory shall receive * * * all male criminals between the ages of sixteen and thirty years sentenced to the reformatory.

"Male persons between the ages of sixteen and twenty-one years convicted of a felony shall be sentenced to the reformatory instead of the penitentiary, * * *.

"Male persons between the ages of twenty-one and thirty years may be sentenced to the reformatory * * * if the court passing sentence deems them amenable to reformatory methods.

"No male person convicted of murder in the first or second degree shall be sentenced or transferred to the reformatory."

Section 5143.04, Revised Code, provides:

"A male child over sixteen years of age committed by a Juvenile Court to the reformatory shall be received by the superintendent of the reformatory. After a child so committed has been received, sole control over such child shall be in the reformatory and the jurisdiction of the Juvenile Court over such child shall cease. The superintendent shall provide for the education of such child in such branches of industry, agriculture or otherwise, as he shall determine, having in view his reformation and preparation for usefulness. Such child shall be committed until he ar-

rives at the age of twenty-one years unless sooner released for satisfactory behavior and progress in training.''

Section 5 of Article I of the Constitution of Ohio provides:

''The right of trial by jury shall be inviolate, except that, in civil cases, * * *.''

Section 10 of Article I of the Constitution of Ohio provides:

*"Except in * * * and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; * * *.* In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel, to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, *and a speedy trial by an impartial jury* of the county in which the offense is alleged to have been committed; * * *. * * * No person shall twice be put in jeopardy for the same offense.'' (Emphasis added.)

Section 2945.04, Revised Code, provides, in part:

''A defendant in a criminal action is presumed to be innocent until he is proved guilty of the crime charged, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he shall be acquitted. This presumption of innocence places upon the state the burden of proving him guilty beyond reasonable doubt.''

Section 2945.05, Revised Code, provides in part:

''In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. *Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *''* (Emphasis added.)

From the foregoing, it is clear that any male person sentenced to the Ohio State Reformatory, who is between the ages of eighteen and thirty years, and any child between

the ages of sixteen and eighteen, who has been recognized by the Juvenile Court under the provisions of Section 2151.-26, Revised Code, to appear before the Common Pleas Court, must first be afforded the rights of due process provided by Sections 5 and 10 of Article I of the Constitution of Ohio and by Sections 2945.04 and 2945.05 of the Revised Code, *supra*. Such rights of due process include the right not to be held to answer, unless on presentment or indictment of a grand jury; the right of presumption of innocence until proved guilty beyond a reasonable doubt, with the state having the burden of proving guilt beyond a reasonable doubt; and the right to a speedy trial by an impartial jury, unless a jury trial is waived in writing.

Does the Constitution of the United States of America or the Constitution of the state of Ohio require that a person between sixteen and eighteen years of age, who, upon a finding of delinquency, is committed directly from Juvenile Court to the same institution to which an adult is sentenced following conviction for felony, be afforded equal rights of due process?

In the case of *In re Darnell*, 173 Ohio St. 335, decided May 2, 1962, the Supreme Court of Ohio held:

"The provisions of Section 2151.35 (E), Revised Code, relating to the hearing and commitment of a delinquent child without an indictment or a jury trial are not violative of Section 5 or 10 of Article I of the Constitution of Ohio."

In the case of *Cope* v. *Campbell*, 175 Ohio St. 475, decided February 13, 1964, the Supreme Court of Ohio held:

"1. Proceedings in the Juvenile Court are civil in nature and not criminal. Section 2151.35, Revised Code, implies protection for the minor and not punishment.

"2. Section 10, Article I of the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution, being applicable only to the rights of accused persons charged with criminal offenses, do not apply to, or require the appointment of counsel in, a delinquent-child proceeding in the Juvenile Court."

The Ohio statutes make no provision for jury trial in

any delinquency hearing in Juvenile Court, nor is there any statute requiring proof beyond a reasonable doubt in a delinquency hearing.

The case of *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, decided May 15, 1967, by the Supreme Court of the United States, Gerald F. Gault, a 15-year-old boy, was committed as a juvenile delinquent to the Arizona State Industrial School, and the Supreme Court of the United States reversed the commitment holding, as we interpret the decision, that juvenile delinquency proceedings which may lead to commitment in a state institution must measure up to at least the following essentials of due process and fair treatment:

(1) Written notice of the specific charge or factual allegations, given to the child and his parents or guardian sufficiently in advance of the hearing to permit preparation;

(2) Notification to the child and his parents of the child's right to be represented by counsel retained by them, or, if they are unable to afford counsel, that counsel will be appointed to represent the child;

(3) Application of the constitutional privileges against self-incrimination; and

(4) Absent a valid confession, a determination of delinquency and an order of commitment based only on sworn testimony subjected to the opportunity for cross-examination in accordance with constitutional requirements.

In the foregoing respects, the Supreme Court of the United States by its decision in *In re Gault*, 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, has overruled the holding of the Supreme Court of Ohio that the Fifth and Sixth Amendments to the United States Constitution do not apply or require the appointment of counsel in a delinquent-child proceeding in the Juvenile Court where there is commitment to a state institution. The Ohio statutes now provide for the appointment of counsel. It is important to note, however, that Gerald F. Gault was committed to a state institution for juveniles and not to a state institution

to which adults convicted of the commission of a felony are likewise committed.

In numerous decisions the United States Supreme Court has held that the provisions of the Fourteenth Amendment to the United States Constitution and provisions of the Fifth and Sixth Amendments to the United States Constitution as made applicable by the Fourteenth Amendment to the United States Constitution apply to state criminal proceedings.

The Fourteenth Amendment to the United States Constitution provides:

"* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*" (Emphasis added.)

Determination of denial of liberty is dependent upon the commitment or sentence imposed. We limit our decision in this cause to the factual situation before us, *i. e.,* to the situation where the state institution to which the juvenile is committed is the same institution to which adults are sentenced following conviction for a felony.

It is our judgment that the provision of the Fourteenth Amendment that no state shall deny to any person within its jurisdiction the equal protection of the laws renders unconstitutional paragraph (E) of Section 2151.-35 of the Revised Code, which paragraph authorizes the Juvenile Court to commit a male child over sixteen years of age, who has committed an act which if committed by an adult would be a felony, to the Ohio State Reformatory, the same institution to which adults convicted for commission of a felony are committed, without providing to the juvenile equal rights of due process of law. Our determination relates only to paragraph (E) which we find to be separable from the remaining paragraphs of Section 2151.35.

We render our decision under the provisions of the United States Constitution, which we consider applicable

under the specific facts before us, to which provisions no reference was made by the Supreme Court of Ohio in the cases of *In re Darnell*, 173 Ohio St. 335, and *Cope* v. *Campbell*, 175 Ohio St. 475, for the obvious reason that those cases were decided before the recent decisions rendered by the United States Supreme Court, which was also one of the reasons why our decision in *In re Whittington*, as reported in 13 Ohio App. 2d 11, was ordered vacated by the United States Supreme Court and remanded to us for reconsideration. For our decision upon reconsideration, see *In re Whittington*, 17 Ohio App. 2d 164.

For the reasons stated, the judgments finding and decreeing John R. Fisher and David R. Striker, Jr., to be juvenile delinquents and committing them to the Ohio State Reformatory, Mansfield, Ohio, as provided by law under Section 2151.35 (E) and Section 5143.05 of the Revised Code, are reversed, and, each having served seven months under commitment to the Ohio State Reformatory, Mansfield, Ohio, final judgment is entered ordering their discharge.

> *Judgments reversed and*
> *defendants discharged.*

RUTHERFORD and VAN NOSTRAN, JJ., concur.

McLAUGHLIN, P. J., concurs in the judgment only. See the dissenting opinion upon reconsideration of *In re Whittington*, 13 Ohio App. 2d 11, in 17 Ohio App. 2d 164.