STATE OF NEW JERSEY IN THE INTEREST OF J. W.

Juvenile and Domestic Relations Court
Union County

Decided June 13, 1969.

*Mr. Henry W. Jaeger,* Assistant Prosecutor, for the State (*Mr. Leo Kaplowitz,* Prosecutor of Union County, attorney).

*Mr. Leonard Wolkstein,* Assistant Deputy Public Defender, for the juvenile (*Mr. Stanley C. Van Ness,* Public Defender).

KENTZ, J. J. & D. R. C. This matter comes before me on a motion made by the juvenile for a trial by jury. The juvenile is charged with various offenses encompassing assault and battery, attempted robbery, breaking and entry and larceny, receiving stolen property, incorrigibility, and conduct endangering his health, morals and general welfare. *N. J. S.* 2A :4–14.

The juvenile is 12 years of age, Because of his age he does not come within the provisions of *N. J. S.* 2A :4–15 which permits a jury trial as of right for a juvenile of the age of 16 or 17 where the complaint is transferred to an adult court pursuant to the statute. The jurisdiction of this court is exclusive in juvenile matters by virtue of *N. J. S.* 2A :4–14, except for those cases transferred at the request of the juvenile or by order of the Juvenile and Domestic Relations Court when the case otherwise falls within the provisions of *N. J. S.* 2A :4–15. See *State v. Monahan,* 15 *N. J.* 34 (1954). Hence, if a juvenile under the age of 16 is to have a jury trial, it must be conducted in the Juvenile and Domestic Relations Court. However, under *N. J. S.* 2A :4–35 the Legislature has provided, *inter alia*:

"The juvenile and domestic relations court shall hear and determine all cases of children arising under the provisions of this chapter without a jury."

Since the statute in question has not been repealed or otherwise amended and is still in full force and effect, there can be no trial by jury for a juvenile offender under the age of 16 unless the statute is found to be unconstitutional.

It is a well settled rule that there is a presumption of constitutionality in favor of a statute and that a statute will not be declared unconstitutional unless it is plainly in contravention of a constitutional mandate or prohibition. It is the duty of courts to so construe a statute as to render it constitutional if it is reasonably susceptible of such interpretation. *St. John the Baptist Greek Catholic Church of Perth Amboy v. Gengor*, 121 *N. J. Eq.* 349 (*E. & A.* 1937); *Lynch v. Borough of Edgewater*, 8 *N. J.* 279 (1951); *Woodhouse v. Woodhouse*, 17 *N. J.* 409 (1955); *Daly v. Daly*, 21 *N. J.* 599 (1956).

This rule has been affirmed more recently in *Williams v. Smith*, 94 *N. J. Super.* 341 (*App. Div.* 1967), affirmed 51 *N. J.* 161 (1968). There the Supreme Court adopted the opinion of the Appellate Division wherein the court stated:

"As was said in *In Re Loch Arbour*, 25 *N. J.* 258, 264-265 (1957), all doubts are resolved in favor of constitutionality; it is the policy of our law not to invalidate a statute which has been in force without substantial change for many years, unless its unconstitutionality is obvious."

The burden of proving obvious unconstitutionality is upon the party seeking to invalidate the statute. *Behnke v. N. J. Highway Authority*, 25 *N. J. Super.* 149 (*Ch. Div.* 1953), affirmed 13 *N. J.* 14 (1953).

It must be noted that the presumption of legislative validity applies even more forcefully in lower courts than at the appellate levels. In *Neeld v. Automotive Products Credit Ass'n*, 21 *N. J. Super.* 159 (*D. Ct.* 1952), Judge Fulop said:

"The pattern of the law must be drawn by the appellate courts. The trial courts, especially those of limited jurisdiction, must follow, not lead." It was also stated in *State v. Cannarozzi*, 77 *N. J. Super.* 236 (*App. Div.* 1962) :

"* * * in New Jersey and other states the proposition has been laid down forcefully that inferior courts should assume an act of the Legislature to be constitutional unless it so clearly conflicts with the Constitution as to leave no reasonable doubt of its defectiveness." (citing cases)

, The question of the constitutionality of juvenile proceedings without jury trials is hardly one which is free from doubt. Although the United States Supreme Court in *In re Gault*, 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1967), did extend certain constitutional rights and safeguards to juveniles, the court did not determine whether a juvenile was entitled to a jury trial.

The issue has received considerable attention in a number of jurisdictions with conflicting results. Juveniles are afforded a jury trial by acts of the legislatures in nearly half the states. In England all children over the age of 14 charged in the juvenile courts with what would be indictable offenses are accorded the right of trial by jury. See 46 *Cornell L. Q.* 387 (1961) ; *Colo. Rev. Stat. Ann.* § 22–8–2 (1953) ; *Tex. Rev. Civ. Stat., art.* 2334 (*Supp.* 1950) ; *Okla. Stat. tit.* 10, § 102 (1941).

In other states statutes similar to that in New Jersey denying a jury trial have been upheld as constitutional. *Estes v. Hopp*, 73 *Wash.* 2d 272, 438 *P.* 2d 205 (*Super. Ct.* 1968). A jury trial has been denied to a juvenile offender in *Dryden v. Commonwealth, Ky.*, 435 *S. W.* 2d 457 (1968), where the Kentucky Court of Appeals stated: "Unless and until further enlightened or otherwise directed by the Supreme Court, we hold that a jury trial is not a constitutionally guaranteed right in a juvenile proceeding." Likewise a jury trial was disallowed in *Commonwealth v. Johnson*, 211 *Pa. Super.* 62, 234 *A.* 2d 9 (*Super. Ct.* 1957).

In contrast, the Supreme Court of New Mexico, in holding that under its state constitution a juvenile is entitled to a jury trial, made the following comment:

"We would add that if the reasoning of *In Re Gault, supra,* is applied in this case it would be difficult in our view, to escape the conclusion that the jury trial guarantees of Art. II, § 14, N. M. Const. as well as those of the Sixth Amendment of the United States Constitution are likewise applicable." *Peyton v. Nord,* 78 *N. M.* 717, 437 *P. 2d* 716 (1968).

In a similar vein, in cases where the juvenile has an election between treatment as an adult or as a juvenile, which choice determines whether a jury trial is granted or denied, conflicting decisions have resulted. In *Nieves v. United States,* 280 *F. Supp.* 994 (*S. D. N. Y.* 1968), such provisions in the Federal Juvenile Delinquency Act, 18 *U. S. C.* § 5033 (1964), were held unconstitutional. Nearly identical provisions in New York law which classifies juveniles as either "young adults" (jury trial and adult treatment) or as "youthful offenders" (no jury trial and juvenile dispositions) were in issue in *People v. K.,* 58 *Misc. 2d* 526, 296 *N. Y. S. 2d* 404 (*Sup. Ct.* 1968), and the court declined to rule the statute unconstitutional saying: "In conclusion I shall not declare void and unconstitutional a statute which I find has been so beneficial in its application. If this is to be done at all it should be done at the Appellate level rather than at the trial level." In its opinion the court noted that the Supreme Court of New York, Appellate Division for the First Department, had declared a jury trial a matter of right for a petitioner seeking treatment as a youthful offender in *Matter of Saunders,* 30 *A. D. 2d* 803, 292 *N. Y. S. 2d* 44 (1968). The courts of Ohio are also divided. See *State v. Fisher,* 17 *Ohio App. 2d* 183, 245 *N. E. 2d* 358 (*App. Ct.* (1969).

Perhaps the case most indicative of the uncertain state of the law on this issue is *DeBacker v. Brainard,* 183 *Neb.* 461, 161 *N. W. 2d* 508 (*Sup. Ct.* 1968). There it was said:

"Four judges, a majority of this court, are of the opinion that a juvenile charged with violation of a state criminal law as the basis for an adjudication of delinquency is entitled to a constitutional right to a trial by jury in juvenile court if the offense is one which would give rise to a constitutional right to trial by jury if committed by an adult and triable in an adult criminal court."

Despite this the Nebraska statute denying juveniles the right to a jury trial·was upheld because the Nebraska constitution requires the concurrence of five judges to hold an act of the Legislature unconstitutional. *Nebr. Const., Art.* 5, § 2. Leave to appeal this decision has been granted by the United States Supreme Court. No decision has yet been rendered.

In view of the manifestly unsettled state of the law it cannot be said that the statute with which we are concerned is clearly or obviously unconstitutional. This being so it is not for this court to disregard the well settled rules favoring the presumption of statutory validity, nor to forget the limitations inherent in an inferior, statutory court by acting within the sphere properly belonging to the appellate tribunals.

For the foregoing reasons the juvenile's motion for a trial by jury is denied. An order will be entered accordingly.