IN RE MACK.

[Cite as In re Mack (1970), 22 Ohio App. 2d 201.]

(No. 10992—Decided January 19, 1970.)

*Mr. Melvin C. Rueger* and *Mr. Calvin W. Prem,* for appellee, the state of Ohio.

*Mr. Bernard J. Gilday, Jr.,* and *Mr. D. Michael Roberts,* for appellant, Robert A. Mack.

SHANNON, P. J. This is an appeal on questions of law from an order of the Court of Common Pleas of Hamilton County, Juvenile Division, releasing and relinquishing jurisdiction of a juvenile and referring and recognizing him to the Court of Common Pleas.

It appears that a gasoline service station attendant was

found beaten to death on April 7, 1969. Subsequent investigation by police resulted in the arrest on July 4, 1969, of two males, one of them Robert A. Mack, appellant herein. Because Mack was seventeen years of age at the time of the incident (he reached eighteen on July 3, 1969), a complaint was filed in the Juvenile Court alleging that:

"Said juvenile appears to be a delinquent child as provided in Section 2151.02 O. R. C. in that on or about the 7th day of April in the year 1969 at the county of Hamilton and state of Ohio aforesaid juvenile did unlawfully, purposely, and while perpetrating a robbery, did kill one Troy Lee Carr then and there being; and aforesaid juvenile otherwise so deports himself as to injure or endanger the health or morals of himself or others."

A plea of not guilty was entered and a hearing was had inquiring into the charge set forth in the complaint, during which Mack was present and represented by counsel. Upon conclusion of the proceedings, the court journalized the following entry:

"This cause came on this day to be heard, and the court, after full investigation and after a mental and physical examination, finds that the act allegedly committed by Robert Mack could be a felony if committed by an adult.

"It is therefore ordered that Robert Mack make his appearance before the Court of Common Pleas of Hamilton County, Ohio, Adult Division, for such disposition as said court is authorized to make for a like act if committed by an adult; without bond."

On August 8, 1969, the Grand Jury of Hamilton County returned an indictment charging Mack and a codefendant with murder in the first degree. Prior to arraignment, Mack sought from this court a temporary restraining order to prevent the Court of Common Pleas from proceeding according to law. Such motion was overruled. This cause, then, is before us upon the merits, and we follow in such regard *In re Whittington*, 17 Ohio App. 2d 164, paragraph two of the syllabus:

"An order made under the provisions of Section

2151.26, Revised Code, recognizing a juvenile to appear before the Common Pleas Court is a final appealable order."

The first two assignments of error raise, essentially, the same questions: what is the purpose of recognizing a juvenile to Common Pleas Court; what must be the scope of the "full investigation" required by Section 2151.26, Revised Code?

The third assignment of error presents the issue whether the Juvenile Court has authority to order a child to appear before the Court of Common Pleas without finding him to be a delinquent child.

The purpose of recognizing a juvenile to the Court of Common Pleas is to protect the public in those cases where rehabilitation appears unlikely and circumstances indicate that if the charge is ultimately established society would be better served by the criminal process by reason of the greater security which may be achieved or the deterring effect which that process is thought to accomplish. *In re Whittington,* 17 Ohio App. 2d 164, at page 177.

The Supreme Court of the United States, having under consideration the provisions of the District of Columbia Juvenile Court Act, concluded:

" (d) The Juvenile Court Act requires 'full investigation' and makes the Juvenile Court records available to persons having a 'legitimate interest in the protection * * * of the child * * *.' These provisions, 'read in the context of constitutional principles relating to due process and the assistance of counsel,' entitle a juvenile to a hearing, to access by his counsel to social records and probation or similar reports which presumably are considered by the Juvenile Court, and to a statement of the reasons for the Juvenile Court's decision sufficient to enable meaningful appellate review thereof." *Kent* v. *United States,* 383 U. S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, syllabus.

This court is just as reluctant as was the United States District Court for the District of Columbia in *Kent, supra,* to go behind the Juvenile Court judge's recital that his order binding over the defendant was entered "after full

investigation," but we are constrained by the mandate of the Supreme Court to hold that there is insufficient evidence to support the order recognizing Mack to the Court of Common Pleas. Undoubtedly, in the case at bar the Juvenile Court judge referred Mack to the court's own clinic for the mental examination contemplated by Section 2151.26, Revised Code, and that receipt of the report preceded the court's order. However, Mack's motion for a "full hearing" and for access to the reports submitted to the court was overruled.

Section 2151.26, Revised Code, states:

"In any case involving a delinquent child under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, who has committed an act which could be a felony if committed by an adult, the Juvenile judge, after full investigation and after a mental and physical examination of such child has been made by the Youth Commission, or by some other public or private agency, or by a person qualified to make such examination, may order that such child enter into a recognizance with good and sufficient surety, subject to the approval of the judge, for his appearance before the Court of Common Pleas at the next term thereof, for such disposition as the Court of Common Pleas is authorized to make for a like act committed by an adult; or the judge may exercise the other powers conferred in such sections in disposing of such case."

We conclude that the statute, by reference in its initial phrase to "a delinquent child," requires that the Juvenile Court find Mack to be delinquent under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, as a condition of its order for him to appear before the Court of Common Pleas. Parenthetically, we note that one who has been found delinquent and bound over cannot be, as was feared by the Juvenile Court judge here, considered as having been in jeopardy as a result of such preliminary proceeding. Proceedings in a Juvenile Court are civil in nature and not criminal. *Cope* v. *Campbell, Sheriff*, 175 Ohio St. 475. See, also, *In re Whittington*, 17 Ohio App. 2d 164, at page 176.

Upon this rationale, we find that it was an abuse of discretion for the Juvenile Court to recognize Robert A. Mack, a juvenile for all purposes here, to the Court of Common Pleas in the absence of a finding that he was a delinquent child and when the evidence fails to disclose that he would not be a proper subject for rehabilitation under the provisions of the Juvenile Code of Ohio, or that such recognizance was necessary as a protection to the public.

The judgment recognizing Robert A. Mack to appear before the Court of Common Pleas of Hamilton County is reversed and vacated; jurisdiction of the cause is to be retained by the Juvenile Court, to which court this cause is remanded for further proceedings according to law, the decision of the Supreme Court of the United States in *Kent* v. *United States*, 383 U. S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, and in harmony with this opinion.

*Judgment accordingly.*

HILDEBRANT and HESS, JJ., concur.