108 N.J. Super. 540 (1970)
262 A.2d 9
STATE IN THE INTEREST OF J.W.
STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
J.W., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided February 16, 1970.
*541 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Leonard A. Wolkstein, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Arthur J. Timins, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
PER CURIAM.
J.W. appeals through the Public Defender from the denial of his motion for a jury trial in the Juvenile and Domestic Relations Court.
J.W. was charged with several offenses amounting to attempted robbery, assault and battery, breaking and entering with intent to commit larceny, larceny, receiving stolen property, incorrigibility, and behavior endangering his morals, health and general welfare. Since he was only 12, the matter was brought before the Juvenile and Domestic Relations Court without a jury, pursuant to N.J.S.A. 2A:4-35. His counsel unsuccessfully moved for a trial by jury as to all issues, and this appeal ensued.
Appellant contends that the denial of a jury trial constituted a deprivation of due process and a denial of equal protection of the laws. We affirm substantially for the reasons stated by Judge Kentz in 106 N.J. Super. 129 (J. & D.R. Ct. 1969), noting that since the coming down of his opinion the United States Supreme Court dismissed the appeal brought in DeBacker v. Brainard, 396 U.S. 28, 90 S.Ct. 163, 24 L.Ed.2d 148 (November 12, 1969).
*542 In Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the juvenile court had waived jurisdiction over a minor arrested on charges of rape, robbery and housebreaking, and remitted him for trial in the criminal courts. Defendant was convicted and on appeal argued that the detention, interrogation and hearing procedures of the juvenile authorities were constitutionally inadequate. In ruling that juvenile proceedings must comport with the rudimentary concepts of fairness, the court held:
* * * We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. [at 562, 86 S.Ct., at 1057]
See also, State in the Interest of Carlo, 48 N.J. 224, 236 (1966).
The quoted language was repeated in In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In acertaining "the precise impact of the due process requirement" upon juvenile proceedings, the court in that case went on to find that the specific essential rights to be accorded a juvenile are (1) adequate notice of the charges, (2) the right to counsel, (3) the right to confront and cross-examine witnesses, and (4) the right against self-incrimination. No mention was made of the right to jury trial claimed in the present case. And see Commonwealth v. Johnson, 211 Pa. Super. 62, 234 A.2d 9 (Super. Ct. 1967), where the court said:
* * * It is inconceivable to us * * * that our highest Court attempted, through Gault, to undermine the basic philosophy, idealism and purposes of the juvenile court. We believe that the Supreme Court did not lose sight of the humane and beneficial elements of the juvenile court system: it did not ignore the need for each judge to determine the action appropriate in each individual case; it did not intend to convert the juvenile court into a criminal court for young people. Rather, we find that the Supreme Court recognized that *543 juvenile courts, while acting within the constitutional guarantees of due process, must, nonetheless, retain their flexible procedures and techniques. The institution of jury trial in the juvenile court, while not materially contributing to the fact-finding function of the court, would seriously limit the court's ability to function in this unique manner, and would result in a sterile procedure which could not vary to meet the needs of delinquent children. Accordingly, we reject appellant's request for a jury trial. [at 78, 234 A.2d, at 17]
We do not read Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), reh. den. 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412 (1968), as requiring a trial by jury in juvenile cases. Unlike the reliance on jury trials as part of the structure and style of the criminal process in this State, as in every other state  see marginal note 14 in Duncan  there has been no similar development of reliance on a jury system in the juvenile courts of New Jersey. N.J.S.A. 2A:4-35 reflects our practice of non-jury trials; the trial judge alone hears and determines all cases of children arising under the provisions of Title 2A, chapter 4, relating to the Juvenile and Domestic Relations Court.
Affirmed.