IN RE TSESMILLES.

[Cite as In re Tsesmilles (1970), 24 Ohio App. 2d 153.]

(No. 920—Decided December 22, 1970.)

Messrs. *Kennedy & Beck*, for appellant Teddy Tsesmilles.

Mr. *J. Warren Bettis*, prosecuting attorney, for appellee state of Ohio.

O'NEILL, J. The appellant, a juvenile sixteen years of age, was charged with being a delinquent. If he were an adult the act would have constituted a felony. Prior to trial appellant moved for a jury trial, which motion was denied. Following trial the court found appellant to be guilty upon clear and convincing evidence. The court's order, which is the basis for this appeal, reads in part:

"This being an offense, which if he were an adult, would be a penitentiary offense, the child is hereby declared to be a delinquent child and he is hereby committed to the legal custody of the State of Ohio, Department of Mental Hygiene, and Correction, Mansfield Youth Center, Mansfield, Ohio, for a period of one year to age." (Journal Entry—January 6, 1970.)

The foregoing commitment was pursuant to R. C. 2151.-355 (E):

"If the child is found to be a delinquent child, the court may make any of the following orders of disposition: * * *

"(E) Commit a male child sixteen years of age or over who has committed an act which if committed by an adult would be a felony to a maximum security institution operated by the department of mental hygiene and correction, for the training and rehabilitation of such delinquent children."

As a practical matter the provisions of R. C. 2151.355 (E) are executed by the Department of Mental Hygiene and Correction at the Mansfield Reformatory. This Reformatory, by statute, is a prison for male persons between the ages of sixteen and twenty-one convicted of a felony for the first time and, male persons between the age of twenty-one and thirty convicted of a felony may be sent there on first conviction if the sentencing court deems them amenable to reformatory methods.

In *State* v. *Fisher,* 17 Ohio App. 2d 183, it was held and recognized at page 191:

"* * * that the provision of the Fourteenth Amendment that no state shall deny to any person within its jurisdiction the equal protection of the laws renders unconstitutional paragraph (E) of Section 2151.35 of the Revised Code, which paragraph authorizes the Juvenile Court to commit a male child over sixteen years of age, who has committed an act which if committed by an adult would be a felony, to the Ohio State Reformatory, the same institution to which adults convicted for commission of a felony are committed, without providing to the juvenile equal rights of due process of law."

At the time of the foregoing case paragraph (E) of Section 2151.35 specified that a juvenile, such as the appellant, be committed to the Ohio State Reformatory. It was reasoned by the court that since this institution was a prison for persons protected by the rights of due process provided by Sections 5 and 10 of Article I of the Constitution of Ohio that any juvenile in jeopardy of detention there must have the same protection of due process such as "the right to a speedy trial by an impartial jury, unless a jury trial is waived in writing" (page 189). In a compliant spirit the Legislature amended paragraph (E) (now R. C. 2151.355) and in place of "Ohio State Reformatory" specified that commitment be "to a maximum security institution operated by the department of mental hygiene and correction, for the training and rehabilitation of such delinquent." Thus the onus of punitive detention in a prison holding also constitutionally protected adult convicts was removed, in essence. The spirit of the amended statute is that a juvenile is not being "held to answer" for a crime but is being rehabilitated in some detention facility specifically devoted to that purpose and only that purpose, and only devoted to the rehabilitation of juveniles with no contact nor commingling with adult convicts, whatsoever. This execution of commitment is the duty not of the court but of the Department of Mental Hygiene and Correction. If the Department fails to follow the statutory law and the guidelines established in *State* v. *Fisher,* 17 Ohio App. 2d 183, *In re Agler,* 19 Ohio St. 2d 70, 73. "Finally, deten-

tion of children, even temporary, must be separate from adult facilities'' and R. C. 2151.34, such defalcation should not void an otherwise valid sentence. This issue bothered the United States Supreme Court in their consideration of *In re Gault*, 387 U. S. 1. The court saw fit at page 22 to enter a footnote:

''Here again, however, there is substantial question as to whether fact and pretension, with respect to the separate handling and treatment of children, coincide.

''In fact, some courts have recently indicated that appropriate treatment is essential to the validity of juvenile custody, and therefore that a juvenile may challenge the validity of his custody on the ground that he is not in fact receiving any special treatment.''

In the foregoing cases the various courts used the terms ''detention'' and ''custody.'' We conclude that a defalcation in such detention or custody might effect the legality of such ''custody'' or ''detention''' but should not invalidate an otherwise valid commitment or power to commit.

This issue was raised as appellant's assignment of error No. 3, along with the argument that there was insufficient evidence to substantiate the court's finding. Upon a complete review of the evidence we find that the court's finding was substantiated by evidence beyond a reasonable doubt.

During pre-trial investigation a medical examination had been conducted by a physician at the request of the state. During trial, on direct examination, a witness for the state testified that such examination was made and upon cross-examination, this witness stated that he had a copy of the report. Defendant was denied the right to enter this report as an exhibit on the grounds that the examiner was available.

''And it is an elementary rule of evidence, subject, of course, to many exceptions and qualifications, that hearsay evidence is not competent or admissible to establish any specific fact relevant and material to an issue in a case which in its nature is susceptible of being proved

by witnesses who can speak from their own knowledge." 21 Ohio Jurisprudence 2d 298, Evidence, Section 283.

We agree with the rule excluding the medical report. Assignment of error No. 2 is overruled.

Prior to trial, defendant's motion for trial by jury was denied by the court. This ruling was proper under the law.

"2. Delinquency proceedings in Juvenile Court do not require indictment or trial by jury under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States or under Sections 5 and 10 of Article I of the Constitution of Ohio.

"3. Any adjudication of delinquency must be supported by clear and convincing evidence." *In re Agler,* 19 Ohio St. 2d 70, paragraphs two and three of the syllabus.

"* * * The court shall hear and determine all cases of children without a jury." R. C. 2151.35.

Assignment of error No. 1 is overruled.

The final order of the lower court made on January 6, 1970, is affirmed in part and modified. This order stated in part that defendant was "committed to the legal custody of the State of Ohio, Department of Mental Hygiene and Correction, Mansfield Youth Center, Mansfield, Ohio, for a period of one year to age." We find no statutory authorization whereby a judge committing a delinquent may impose any time limit. Commitment of a juvenile is supposedly curative, not punitive and discretion as to time of cure is left with the Department of Mental Hygiene and Correction. Therefore, the commitment of the lower court is modified to the extent that the phrase "for a period of one year to age" is struck therefrom.

The cause is remanded for execution according to law.

*Judgment accordingly.*

LYNCH, P. J., and JOHNSON, J., concur.